UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BC NORTH PARTNERS,<br><br>    Plaintiff,<br><br>v.<br><br>PENN NATIONAL SECURITY<br>INSURANCE COMPANY,<br><br>    Defendant. | Case No: 1:24-cv-01114-STA-jay |

### ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANT'S MOTION TO DISMISS

Plaintiff BC North Partners filed this action against Pennsylvania National Mutual Casualty Insurance Company on May 31, 2024, for the alleged breach of an insurance contract. On June 20, 2024, Plaintiff filed an amended complaint adding Penn National Security Insurance Company ("Penn National Security") as a defendant. (ECF No. 7.) The parties agreed that Penn National Security is the proper insuring entity, and, therefore, Pennsylvania National Mutual Casualty Insurance Company was dismissed from the action. (ECF No. 11)

Penn National Security then filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), 17(a), 41(b). (ECF No. 13.) Plaintiff responded to the motion (ECF No. 17), and Penn National Security filed a reply to the response. (ECF No. 18.) The Court held the motion to dismiss in abeyance while deciding one of the issues raised in the motion – whether the action must be dismissed as a sanction because Plaintiff had not paid attorney fees and costs associated with a prior action. (ECF No. 19.)

In that prior action brought by Plaintiff against Pennsylvania National Mutual Casualty Insurance Company, 1:22-cv-1134-STA-jay, which was based on the same underlying events, this Court adopted the report and recommendation of the Magistrate Judge granting Defendant's motion

for sanctions without prejudice. (ECF No. 51, 1:22-cv-1134-STA-jay.) In its order, the Court determined that "Plaintiff must pay any attorney fees and costs associated with the dismissal of this action prior to re-filing its lawsuit." (*Id.* at p. 16.) The fees and costs had not been paid at the time the motion to dismiss was filed in this case but now have been paid (ECF No. 22), and the Court is ready to decide the remaining issues raised in the motion to dismiss.

## Standard of Review

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). Under *Twombly* and *Iqbal*, Rule 8(a)'s liberal "notice pleading" standard requires a complaint to contain more than a recitation of bare legal conclusions or the elements of a cause of action. Instead, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## Discussion

Penn National Security contends that Plaintiff's negligence and statutory bad faith claims are time-barred. Additionally, Penn National Security argues that Plaintiff lacks standing to bring suit

against it because it assigned its rights to P&G Construction Consultants, a Tennessee limited liability company, including the right to bring and pursue this litigation, prior to filing suit.

The prior case, 1:22-cv-1134-STA-jay, asserted a breach of contract claim but did not assert either a negligence or bad faith claim. It was removed to this Court on June 17, 2022, and was dismissed without prejudice on June 22, 2023. The present lawsuit was filed on May 31, 2024.

As explained by Penn National Security, the weather event giving rise to the lawsuits occurred on May 3, 2020, and the claim was denied on July 14, 2020. There is no dispute that the first lawsuit was filed timely. Tennessee negligence actions for personal injury have a one-year statute of limitations under Tenn. Code Ann. § 20-1-119. A negligence action for property damage has a three-year statute of limitations under Tenn. Code Ann. § 28-3-105, and a professional negligence claim has a one-year statute of limitations under Tenn. Code Ann. § 29-26-116. Clearly, the negligence in the present case is barred on its face by either a one-year or a three-year statute of limitations.

Plaintiff contends that the negligence and bad faith claims are timely under Tennessee's savings statute, Tenn. Code Ann. ¶ 28-1-105, which provides that if an "action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action," the plaintiff may refile the action within one year, even if the statute of limitations on the claim has since run. As discussed in *Foster v. St. Joseph Hosp.*, 158 S.W.3d 418 (Tenn. Ct. App. 2004):

> Because Tennessee law favors the resolution of disputes on their merits, the savings statute must be given a broad and liberal construction. *Henley v. Cobb*, 916 S.W.2d 915, 916 (Tenn.1996). The purpose behind the savings statute is "'to aid the courts in administering the law fairly between litigants without binding them to minor and technical mistakes made by their counsel in interpreting the complexities of our laws of procedure.'" *Id.* at 917 (quoting *Gen. Accident Fire & Life Assurance Corp. v. Kirkland*, 210 Tenn. 39, 356 S.W.2d 283, 285 (1962)). To determine whether the savings statute is applicable, the court must ascertain whether the defendant had notice: "[N]otice to the party affected is the true test of the statute's applicability.... 'The important consideration is that, by invoking judicial aid, a litigant gives timely

> notice to his adversary of a present purpose to maintain his rights before the courts.'" *Id.* at 917–18 (quoting *Burns v. People's Tel. & Tel. Co.*, 161 Tenn. 382, 33 S.W.2d 76, 78 (1930)). Thus, the savings statute is only applicable when the original complaint and the new complaint allege substantially the same cause of action, which includes identity of the parties. *See Turner v. Aldor Co. of Nashville*, 827 S.W.2d 318, 321 (Tenn. Ct. App.1991). It is not necessary that the two complaints be identical, only that the allegations arise out of the same transaction or occurrence. *See Energy Sav. Prods., Inc. v. Carney*, 737 S.W.2d 783, 784–85 (Tenn. Ct. App.1987) (holding that the savings statute was applicable to the second complaint, which had been amended to add a new claim, because the claim arose out of the same conduct, transaction, or occurrence alleged in the original action and the plaintiff, therefore, could have added the claim to the first action under Tennessee Rule of Civil Procedure 15).

*Foster*, 158 S.W.3d at 422. Although Plaintiff mentions both its negligence claim and its bad faith claim in its argument, it primarily focuses on its bad faith claim and does not explain why the negligence claim should not be dismissed as being untimely or how the savings statute is applicable to this claim. Accordingly, the Court finds that Plaintiff's negligence claim is barred by Tennessee's statute(s) of limitations, and this claim must be dismissed.

The statutory bad faith claim under Tenn. Code Ann. § 56-7-105 has a one-year statute of limitations. *See Montesi v. Nationwide Mut. Ins. Co.*, 970 F. Supp. 2d 784, 791 (W.D. Tenn. 2013) (explaining that courts interpreting the bad faith statute apply the one-year statute of limitations contained in Tenn. Code Ann. § 28-3-104(a)(4) which requires "actions for statutory penalties to be commenced within one year after the cause of action accrued"). As with the negligence claim, unless Plaintiff can rely on the savings statute, this claim must also be dismissed as being untimely.

To establish a bad faith claim under Tenn. Code Ann. § 56–7–105, a plaintiff must show as follows:

> (1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days), and (4) the refusal to pay must not have been in good faith.

*Bowery v. Berkshire Life Ins. Co.*, 2013 WL 1497339, at *9 (E.D. Tenn. Apr. 11, 2013) (citing

4

*Stooksbury v. Am. Nat'l Prop. & Cas. Co.*, 126 S.W.3d 505, 519 (Tenn. Ct. App. 2003)).

> The one-year statute of limitations begins running when the bad faith cause of action accrues - sixty days after the formal demand or immediately after the insurer refuses to comply with the demand. *See Third Nat. Co. v. Thompson*, 28 Tenn. App. 436, 191 S.W.2d 190, 195 (1945) ("In the present suit the insurers did not deny liability or refuse to pay within sixty days. They were merely waiting, as they had a right to do under these decisions, during a period of sixty days. Before that sixty-day period expired this suit was brought, February 3, 1942. So no right to recover the penalty had accrued."); *see also Hampton v. Allstate Ins. Co.*, 48 F.Supp.2d 739, 745 (M.D. Tenn. 1999) (quoting *Thompson v. Interstate Life & Accident Co.*, 128 Tenn. 526, 162 S.W. 39 (1913)) ("[T]he defendant may decline to answer the demand for sixty days, and, as long as no refusal is made within that period, the claimant would necessarily be required to withhold suit; but, if the refusal to pay is made within sixty days after the demand, the right to commence the suit accrues immediately upon the refusal. Sixty days is the extreme limit allowed by the legislature in which the company can investigate the question of its liability, and, if it fails to respond to the demand for payment within that time, the suit may be commenced without proof of a refusal.") (internal quotation marks omitted).

*Montesi*, 970 F. Supp. 2d at 791.

As noted by Plaintiff, there appears to be a factual dispute as to the timing of a formal demand which is an issue more appropriate for summary judgment. Accordingly, the Court denies without prejudice the portion of the motion to dismiss asserting that the bad faith claim is time-barred.

Finally, Penn National Security contends that Plaintiff lacks standing to bring its claim(s) because it assigned its rights to "all insurance claim rights, benefits, any causes of action, appraisals, litigation" to a separate, legal entity – P&G Construction Consultants. In its response, Plaintiff has called into question the validity of the assignment. Again, because there is a factual dispute as to the validity of the assignment, the motion to dismiss as to this argument must be denied without prejudice.

However, Plaintiff is cautioned that the Sixth Circuit recently reiterated that parties must pursue lawsuits "in the name of the real party in interest" pursuant to Fed. R. Civ. P. 17(a)(1) and that "litigants no longer qualify as the real party in interest when they sell their interests in a cause of

action." *Clark v. Ohio Security Ins. Co.*, 2024 WL 4751143, at *2 (6th Cir. Nov. 12, 2024) (citing *Canpark, Inc. v. Rogers Group, Inc.*, 821 F.3d 723, 730 (6th Cir. 2016)). The *Clark* case also involved an assignment of insurance proceeds to P&G Construction Consultants, the same alleged assignee in the present case. The Court of Appeals discussed the Magistrate Judge's reluctance to allow Clark to substitute P&G as the real party in interest because of the prejudice to the defendant "after the lengthy delay and discovery misconduct." *Id.* at *2. Ultimately, the Appellate Court affirmed the judgment of the District Court granting the defendant's motion to dismiss as a sanction and requiring P&G to pay a portion of the defendant's attorney fees and costs. *Id.* at *1. If P&G is, in fact, the real party in interest in this case, Plaintiff is strongly advised to notify the Court sooner rather than later.

Accordingly, the motion to dismiss of Defendant Penn National Security is **PARTIALLY GRANTED** and **PARTIALLY DENIED**. The motion is granted as to Plaintiff's negligence claim. The motion is denied without prejudice as to Plaintiff's bad faith claim and on the issue of whether Plaintiff has standing to bring this suit.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 22, 2024.